ANDRULIS, APPELLANT, *v.* ANDRULIS, APPELLEE.

(No. 12004 — Decided August 28, 1985.)

*George A. Clark,* for appellant.
*David A. Lieberth,* for appellee.

GEORGE, P.J. The plaintiff-appellant, Lynn Marie Andrulis, appeals the judgment of the domestic relations court finding her in contempt for failing to send her three children to visit with their father when transportation was provided for that visit. This court affirms in part and reverses in part.

On September 2, 1980, Lynn was granted a divorce from John Andrulis. The divorce decree awarded custody of their three children to Lynn and established visitation rights to accommodate Lynn's anticipated move out of Ohio. On July 19, 1984, John filed a motion with the trial court seeking an order finding Lynn in contempt for failing to comply with the court's visitation order. After a hearing, the referee filed a report recommending that Lynn be found in contempt and that visitation be modified as follows: (1) to increase John's visitation rights from six to eight weeks for the summers of 1985 through 1987, and (2) to reduce John's child support obligations by fifty percent while the children are with him.

Lynn filed objections to this report. The trial court overruled the objections and adopted the recommendations of

the referee. Lynn appeals from this judgment.

### Assignment of Error II

"The trial court erred as a matter of law by entering judgment pursuant to the recommendations of the referee in that the recommendations of the referee were not supported by clear and convincing evidence."

Lynn argues that the finding of contempt is not supported by the evidence. It is well-settled that evidence necessary to support contempt must be clear and convincing. *Pugh* v. *Pugh* (1984), 15 Ohio St. 3d 136. In this case, the divorce decree of September 2, 1980, provided in part:

"d. Defendant shall have the right to have the minor children with him for four (4) weeks during the children's summer vacation, until the youngest child, Daniel Brett, reaches the age of six (6) years; thereafter, defendant shall have the right to have the children with him during the children's summer vacation for a period of six (6) weeks. Scheduling the defendant's summer vacation visitation with the minor children shall be completed not later than May 31 of each year, to avoid conflict with the summer vacation schedule of the children and the parties. *With respect to summer vacation visitation, it shall be the obligation of the plaintiff, wife, to arrange and bear the cost and expense of transporting the minor children from their then place of residence to the then place of residence of the defendant, and it shall be the obligation of defendant, husband, to arrange and bear the cost and expense of transportation to return the minor children to their then place of residence.*" (Emphasis added.)

After the divorce, Lynn moved to Phoenix, Arizona. John lives in Rittman, Ohio. On May 24, 1984, Lynn informed John that she had arranged for the children to travel with their maternal grandmother to Columbus, instead of Cleveland, for their summer vacation visit as they had done in the past. Lynn contended this was necessary in order for the children to have proper supervision on the plane, since there had been trouble involving the children on a previous flight. John refused to accept these plans, claiming the trip to Columbus to pick them up would be inconvenient. He testified at the hearing that he had just accepted a new job and did not want to request time off to make the trip to Columbus. After two attempts to send tickets to Lynn failed, John arranged to have round-trip airline tickets to Cleveland and back available to be picked up at the Phoenix airport. Lynn, however, did not put the children on the plane to Cleveland. Nor did she arrange any other mode of travel whereby they could visit their father.

The referee concluded that the children, then thirteen, eleven and seven years of age, were old enough to fly without supervision. The referee further concluded that the children were being used to continue the dispute between the parents. In view of these facts and findings of the referee and the fact that the divorce decree obligates Lynn to arrange and pay for transportation of the children to the place of residence of their father, as well as her failure to send them, there is sufficient evidence to find that Lynn was in contempt of the order. Accordingly, this assignment of error is without merit.

### Assignment of Error I

"The trial court erred as a matter of law by exceeding its authority to punish appellant for contempt."

Punishment for contempt of a trial court order is set forth pursuant to R.C. 2705.05 as follows:

"Upon the day fixed for the trial in a contempt proceeding the court shall investigate the charge, and hear any answer or testimony which the accused makes or offers.

"The court shall then determine

whether the accused is guilty of the contempt charge. If it is found that he is guilty, *he may be fined not more than five hundred dollars or imprisoned not more than ten days, or both.*" (Emphasis added.)

In this case the trial court did not fine or imprison Lynn. Rather, the court modified visitation and support orders. This exceeded the authority of the court for punishment of contempt. Further, absent a motion for modification of support, and modification, termination or restriction of visitation rights, the trial court's continuing jurisdiction over visitation and support was not invoked. See, generally, *In re Griffin* (Sept. 1, 1983), Franklin App. No. 82AP-492, unreported. Modification of visitation or support may be accomplished only after notice and a hearing on such motion. Also, see, 48 Ohio Jurisprudence 3d (1983) 382, Family Law, Section 1190. Accordingly, this assignment of error is well-taken.

This court finds that the trial court exceeded its authority by modifying visitation and support payments as a sanction for contempt. Accordingly, this court holds that the sanctions for contempt be reversed. While it may be argued that this finding means the contempt order (without proper sanctions) is not a final appealable order, this court concludes that the interests of justice are nonetheless best served by affirming the finding of contempt and remanding for sentencing consistent with the law and this opinion. It is so ordered.

*Judgment affirmed in part,*
*reversed in part,*
*and cause remanded.*

MAHONEY and CASTLE, JJ., concur.

CASTLE, J., retired, of the Twelfth Appellate District, sitting by assignment in the Ninth Appellate District.