OPINION
Plaintiff-appellant the Darke County Child Support Enforcement Agency appeals from that part of a judgment of the trial court entered December 29, 1999, that reduced the child support obligation of defendant-appellee Mark Bourne from $77 per week to $68.01 per week, plus poundage. The Agency contends that the trial court erred by reducing Mr. Bourne's child support obligation, because there had been no motion to reduce his child support obligation, no notice to the Agency that Mr. Bourne's future child support obligation was being put in issue, and no opportunity for Ms. Bourne to be heard on that issue. We agree. Accordingly, that part of the trial court's judgment that reduced Mr. Bourne's child support obligation from $77 per week, plus poundage, to $68.01 per week, plus poundage, is Reversed andVacated, and the balance of the judgment is Affirmed.
 I
By judgment entered October 2, 1996, Mr. Bourne was obligated to pay child support in the amount of $77 per week, plus poundage. On October 13, 1999, the Darke County Child Support Enforcement Agency filed a motion to require Mr. Bourne to show cause why he should not be held in contempt for failing to comply with the trial court's child support orders. In this motion, the Agency alleged that Mr. Bourne was in default of his child support obligation in the amount of $11,366.40, and that he had never complied with the trial court's order to seek work.
On the same day, October 13, 1999, the trial court entered an order requiring Mr. Bourne to appear before a magistrate of the court on November 10, 1999, "to show cause why he should not be found in default in the above-stated amount and/or punished for his failure to comply with the former Order's of this Court." The order went on to require that Mr. Bourne "bring to the Hearing the name and address of your current employer, pay stubs for the past four (4) weeks or a notarized from your employer showing 1996, 1997, and 1998 earnings to date, and a copy of your 1997, 1998, and 1999 Income Tax Returns or all 1997/1998 W-2 Forms. It is further ORDERED that failure to appear or a finding against you will subject you to the procedure set forth in O.R.C. Section 2705.031 and/or the penalties set forth in O.R.C. Section 2705.05."
The contempt hearing was continued. It ultimately took place on December 15, 1999. At that hearing, the Agency was represented by counsel, and Mr. Bourne was represented by counsel. The Agency and Mr. Bourne reached an agreement whereby Mr. Bourne was found in contempt and sentenced to ten days in jail, but that sentence was suspended upon the condition that he either pay his child support in full each month, or comply with the order to seek work. An arrearage was found in the amount of $12,033.69, and a withholding order was to be sent to Mr. Bourne's current employer. In its judgment entry of December 29, 1999, the trial court, after reciting the agreement that had been reached between the Agency and Mr. Bourne, recited as follows:
 The Court then stated that it was its understanding that a new worksheet had been completed, which indicated that the child support would be sixty-eight dollars and one cent ($68.01) per week, which includes the 2% processing charge. MARY BARGA [representing the Child Support Enforcement Agency] stated that she did not represent the custodial parent, MARILYN BOURNE in this matter, and could not agree to that on her behalf.
The judgment entry then concluded with orders appropriate to the agreement that had been reached between the Agency and Mr. Bourne.
Paragraph Seven of the judgment entry provided as follows:
 That MARK BOURNE'S current child support obligation shall be modified to sixty-eight dollars and one cent ($68.01) per week plus the 2% processing charge effective December 15, 1999. A copy of the child support guidelines worksheet calculating the same is attached hereto and incorporated herein by reference. MARK BOURNE shall pay an additional twenty-two dollars and thirty-two cents ($22.32) per week plus the 2% processing charge (where appropriate) towards his child support arrearage, until said arrearage is paid in full.
From the judgment of the trial court, the Agency appeals.
 II
The Agency's sole assignment of error is as follows:
 THE TRIAL COURT ERRED IN MODIFYING THE CHILD SUPPORT ORDER SUA SPONTE AND HAD NO AUTHORITY TO MODIFY THE CHILD SUPPORT ORDER ON THE BASIS OF THE MOTION TO SHOW CAUSE BEFORE IT.
The Agency relies upon Andrulis v. Andrulis (1985), 26 Ohio App.3d 164, among other cases, for the proposition that a trial court may not modify a child support order as a consequence of a hearing on an alleged contempt of the existing child support order, absent a motion to modify child support, notice to concerned parties, and an opportunity for concerned parties to be heard. The Agency contends, and we agree, that modification of a child support order may only be accomplished though invocation of the trial court's continuing jurisdiction, pursuant to Civ.R. 75(J), which requires a motion, notice of which must be served in the manner provided for service of process under Civ.R. 4 to 4.6.
In the case before us, there was no invocation of the trial court's continuing jurisdiction to modify child support. The motion filed by the Agency and heard by the trial court was, to the contrary, a motion concerned with the enforcement of an existing order of child support, which does not require invocation of the continuing jurisdiction of the trial court to modify the order.
Mr. Bourne contends that all parties, including Ms. Bourne, were on notice of the hearing on the contempt motion, and therefore had an opportunity to be heard on issues relating to support. We are unpersuaded by this argument. The only issue upon which the parties had notice that the hearing would be concerned was the issue of Mr. Bourne's alleged contempt for failure to have paid child support in accordance with the existing order. There is nothing in the record to reflect that any party had notice that the hearing would be concerned with a proposal to modify child support.
We agree with the reasoning set forth in Andrulis v.Andrulis, supra, which we approve and follow. In that case, child support was increased following a hearing on a motion to hold the obligor in contempt for failure to pay child support. The court of appeals held that an increase in child support was not an appropriate punishment for the contempt, and that the continuing jurisdiction of the trial court to modify support had not been invoked. In the case before us, the continuing jurisdiction of the trial court to modify child support has not been properly invoked, and it would be absurd to punish the obligee as a consequence of the obligor's failure to comply with child support orders.
The Agency's sole Assignment of Error is sustained.
 III
The Agency's sole Assignment of Error having been sustained, that part of the judgment of the trial court that reduced Mr. Bourne's child support obligation is Reversed and Vacated, and the balance of the judgment of the trial court is Affirmed.
 __________________ FAIN, J.
WOLFF and YOUNG, JJ., concur.