OPINION
The defendant/appellant, Billy E. Galvin ("appellant"), appeals the judgment of the Henry County Court of Common Pleas regarding the disposition of his divorce from the plaintiff/appellee, C. Kaye Galvin ("appellee").
The appellee filed a complaint for legal separation from the appellant on February 23, 1998. Thereafter, the appellant filed an answer and counterclaim. On April 28, 1998, the trial court entered a pendente lite order. A magistrate's decision was issued on April 26, 2000, to which supplemental findings regarding Senate Bill 180 were added on May 31, 2001. Both parties timely filed objections to the magistrate's decision. On June 4, 2001, the lower court filed a judgment entry that found both parties' objections without merit and overruled them.[1]
The court adopted the magistrate's decision as corrected on May 18, 2001, along with the supplemental findings of May 31, 2001.
The appellant now appeals, asserting four assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I The Henry County Court of Common Pleas abused its discretion by failing to conform to its own established de facto date of termination of the marriage.
 The appellant argues that the trial court abused its discretion when it ordered him to pay property taxes on the marital residence beyond those that accrued prior to the de facto date of termination of the parties' marriage.[2] For the following reasons, we disagree with the appellant.
We have previously held that a trial court's decision must be guided by R.C. 3105.171(C) when dividing marital assets and liabilities, which mandates an equitable division of both.[3] The determination regarding what constitutes an equitable division of marital property and debt in a particular case rests within the sound discretion of the trial court and must be upheld on appeal absent a showing of an abuse of discretion.[4]
An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable.[5]
A thorough review of the record in this case reveals that the equitablede facto termination of the parties' marriage was set by Magistrate's Order as August 31, 1998. The April 28, 1998 pendente lite judgment entry states that the appellee was given sole possession of the marital residence and ordered to pay the monthly mortgage, home equity obligations, and utility services on the marital residence commencing March 20, 1998. However, that same order specifically reserves issues concerning the payment of real estate taxes associated with the marital residence for future consideration by the court. This order also forbids either party from selling, mortgaging, etc. any of the marital property. Therefore, we are not convinced that this order conclusively determined that the appellee would have exclusive ownership of the residence.
It appears from the record that the parties did not agree that the appellee would get the home until April 3, 2000. There is no legal reason why the de facto date of termination, as opposed to the April 3, 2000 date, should be used for the purpose of determining who would be financially liable for property taxes. Indeed, the magistrate noted that because the parties did not agree who would receive the home until April 3, 2000, neither should have developed an expectation regarding who would pay the taxes. We find this to be a valid point, especially in light of the fact that the issue was specifically reserved for future resolution in the April 28, 1998 judgment entry.
The court's decision was also based on the discrepancy between the parties' incomes. Specifically, the court found that after spousal and child support were deducted the appellant's gross income was approximately $58,000. With all support factored in, the appellee's gross income came to only around $36,000. Therefore, as is mandated by R.C.3105.171(C), the trial court determined it would be equitable to require the appellant to pay property taxes on the marital property through the first half of 2000. We cannot find that this decision was an abuse of the lower court's discretion.
Accordingly, the appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II The Henry County Court of Common Pleas abused its discretion by failing to amend a pre-Senate Bill 180 stipulation for child support in accordance with the existing law on the date of the decision.
 The appellant asserts that the trial court erred in failing to modify his child support payment according to Senate Bill 180. For the following reasons, we find the appellant's argument not well-taken.
It is well-settled that in reviewing matters concerning child support, the decision of the trial court should not be overturned absent an abuse of discretion.[6] In other words, as noted above, the trial court's judgment must stand unless it was somehow unreasonable, arbitrary or unconscionable.[7]
We note at the outset the rule that modification of visitation or support may be accomplished only after notice and hearing upon motion to invoke the continuing jurisdiction of the trial court.[8] In the instant case, the record reveals no motion by the appellant specifically requesting modification of child support based on Senate Bill 180. Nor can we discern that any hearing was held on the matter or notice given to the appellee. Thus, although the appellant is correct in noting that the trial court retains continuing jurisdiction to modify child support obligations based on a change of circumstances,[9] there is no evidence that the appellant properly invoked this jurisdiction.
The magistrate issued a supplemental finding to the original decision regarding Senate Bill 180. This finding was adopted by the trial court. The finding stated that the magistrate had considered Senate Bill 180 in the decision but that the parties stipulated to child support based on the law that was in effect at the time that the case was heard and argued. We cannot say that the trial court abused its discretion by following the child support schedule to which the parties stipulated.
Accordingly, the appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. III The Henry County Court of Common Pleas abused its discretion by ordering the defendant/appellant to pay $2,500 of plaintiff/appellee's attorney fees.
 In his third assignment of error, the appellant contends that trial court abused its discretion when it ordered him to pay part of the appellee's attorney's fees. Based on the following, we disagree with the appellant.
R.C. 3105.18(H) governs the issue of attorney's fees in a divorce proceeding. It provides in relevant part:
 In a divorce * * * the court may award reasonable attorney's fees to either party at any stage of the proceedings * * * if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees.
 In making its determination regarding attorney's fees, two factors the court must consider are "the earning abilities of the parties and the relative assets and liabilities of each."[10] An appellate court will uphold a trial court's decision regarding the award or refusal to award attorney's fees absent an abuse of discretion.[11]
In it's decision, the trial court explained that, given the fact that the appellant's income was far higher than the appellee's even after support payments were factored in, he was in a far better position to pay attorney's fees. We conclude from this that the trial court adequately considered each of the parties' financial situations before concluding that the appellant should pay for $2,500 of the appellee's fees. Furthermore, we find no abuse of discretion in the trial court's determining that the appellee would be precluded from fully litigating her rights and adequately protecting her rights if attorney's fees were not awarded.
Accordingly, the appellant's third assignment of error is not well-taken and is overruled.
 ASSIGNMENT OF ERROR NO. IV The Henry County Court of Common Pleas abused its discretion by equally dividing the 1999 joint income tax refund, yet requiring defendant/appellant to pay the cost of preparation and 82.53% of any liability on same.
 For his final assignment of error, the appellant contends that the trial court was in error when it ordered the parties to equally divide their 1999 joint income tax refund and required the appellant to pay the cost of preparation and 82.53% of any liability. For the following reasons, we disagree with the appellant.
We note once again that the trial court's decision regarding the division of marital assets and liabilities is governed by R.C. 3105.171(C), and that the division of both must be equitable.[12] As we stated above, what constitutes an equitable division rests within the sound discretion of the trial court and must be upheld on appeal absent a showing of an abuse of discretion.[13]
Over the appellee's objection, the appellant moved the lower court to allow the parties to file a joint tax return for 1999. The appellant admits that filing jointly benefited him, not the appellee. In the magistrate's decision, the court again discussed the disparity in the parties' incomes as its rational for determining the equitable distribution of the tax refund, liability, and the cost of income tax preparation. We conclude that the court was well within its discretion when it made its decision, especially in light of the fact that the appellant requested, solely for his benefit, that the parties file jointly.
Accordingly, the appellant's fourth assignment of error is not well-taken and is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
WALTERS, P.J., and SHAW, J., concur.
[1] The judge did modify the Magistrate's Decision to provide that the plaintiff/appellee's spousal support would sooner terminate upon her cohabitation with an unrelated male, excluding her daughter's fiancé.
[2] The trial court ordered the appellant to pay property taxes on the marital residence through the first half of 2000.
[3] Wannemacher v. Wannemacher (Dec. 23, 1998), Van Wert App. No. 15-98-13, unreported.
[4] Martin v. Martin (1985), 18 Ohio St.3d 292, 294-95.
[5] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[6] Booth v. Booth (1989), 44 Ohio St.3d 142, 143.
[7] Blakemore, 5 Ohio St.3d at 219.
[8] Potts v. Courter (Oct. 3, 1992), Union App. No. 14-92-10, unreported, citing Andrulis v. Andrulis (1985), 26 Ohio App.3d 164, syllabus.
[9] See Civ.R. 75.
[10] Birath v. Birath (1988), 53 Ohio App.3d 31, 39.
[11] Id.
[12] Wannemacher, supra.
[13] Martin, 18 Ohio St.3d at 294-95.