OPINION
{¶ 1} Defendant-appellant Harold McCain appeals from the July 12, 2002, Judgment Entry of the Stark County Court of Common Pleas, Family Court Division, overruling his objections to the Magistrate's Decision and adopting and approving the same as the order of the court.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant Harold McCain and appellee Sherie McCain were married on January 7, 1983. Two children were born as issue of such marriage, namely, Robert (DOB May 25, 1986) and Tiffany (DOB February 2, 1988).
 {¶ 3} On October 13, 1998, the parties filed a Petition for Dissolution of their marriage. Attached to the Petition was a Separation Agreement providing that appellant would have the care, custody, maintenance and control of Robert while appellee would have the care, custody, maintenance and control of Tiffany. Appellant was designated Robert's residential parent and appellee was designated Tiffany's residential parent. The Separation Agreement further stated in Article 3 as follows:
 {¶ 4} "Because of the split custody arrangement, wife's obligation to pay husband child support for Robert has been factored into the net amount of child support due wife from husband, as set forth in the following paragraph.
 {¶ 5} "Husband shall pay to wife as and for child support for Tiffany the sum of $342.00 per month, payable in equal, semi-monthly installments of $171.00 each, due and payable on the 1st and 15th days of each month, commencing on the 15th day of October, 1998.
 {¶ 6} "Husband's obligation to pay wife child support shall continue until Tiffany dies, marries, or reaches the age of majority, whichever event first occurs, provided, however, that such support payments shall continue until Tiffany has completed high school, even if Tiffany has reached the age of majority prior thereto."
 {¶ 7} A child support computation worksheet signed by the parties also was filed on October 13, 1998. Thereafter, a Decree of Dissolution incorporating the Separation Agreement was filed on December 10, 1998.
 {¶ 8} Subsequently, on February 12, 2002, appellant filed a Motion for Change of Custody, seeking custody of Tiffany. Appellant, in his motion, indicated that Tiffany had been residing with him since March of 2000. On the same date, appellant filed a motion seeking to terminate his child support obligation for Tiffany and a motion to determine the amount of child support arrears. Appellee, in a March 15, 2002, response to appellant's motion to terminate child support, admitted that Tiffany was currently residing with appellant. However, appellee, in her response, indicated that Tiffany did not begin residing with appellant until August of 2000. Appellee further stated in her response brief as follows:
 {¶ 9} ". . . Tiffany McCain went on Spring Break in March of 2000 and returned with her brother, Robert Tyler, minor child, D.O.B. 5/25/1986 in June of 2000. Both children remained with the Plaintiff [appellee] until Tiffany McCain returned to her father [appellant] in Oregon in August of 2000."
 {¶ 10} "Shirley McCain has had custody of Robert Tyler, . . . since June 2000."
 {¶ 11} Attached to appellee's response was a letter from the pupil/personnel secretary at Alliance High School stating that Robert, who was a freshman, had entered the Alliance City School System on August 30, 2000. On March 15, 2002, appellee also filed a motion for contempt and a motion to determine child support arrearages, alleging that appellant "had failed to pay child support [for Tiffany] from 12/1999 through 11/2001 with current arrearages in the amount of $5,621.90".
 {¶ 12} A hearing before a Magistrate was held on April 9, 2002, on appellant's February 12, 2002, motions for change of custody, termination of child support and determination of child support arrearages. As memorialized in a Magistrate's Order filed on April 17, 2002, the Magistrate found that while there was no dispute that Tiffany had relocated to appellant's home in Oregon, the date of the relocation was in dispute. The Magistrate further found that Robert had relocated from appellant's home to appellee's home, but that no motion for reallocation of parental rights had been filed with respect to Robert, and that appellant did not dispute that there was an arrearage owed for Tiffany. The Magistrate, in his order, also ordered that appellant's motions be "set for evidence' and scheduled a pretrial for May 30, 2002.
 {¶ 13} Pursuant to a Magistrate's Decision filed on May 31, 2002, following the pretrial, the Magistrate recommended that appellant's motion to terminate child support for Tiffany be denied. The Magistrate, in such decision, made the following findings of fact:
 {¶ 14} "Defendant's motion to modify support. Children were in split custody. Parties exchanged children so each still had one child. Defendant wants child support terminated based on fact he had physical custody of child he was ordered to pay support for. However the child he originally had was then with mother. The net result would have been the same."
 {¶ 15} Thereafter, on June 13, 2002, appellant filed an objection to the Magistrate's Decision, arguing that the Magistrate failed to make findings of fact and that the Magistrate's Decision was contrary to law and/or an abuse of discretion. After a hearing held on appellant's objection, both parties filed legal briefs with the trial court. Pursuant to a Judgment Entry field on July 12, 2002, the trial court overruled appellant's objection and approved and adopted the Magistrate's Decision.
 {¶ 16} It is from the trial court's July 12, 2002, Judgment Entry that appellant now appeals, raising the following assignment of error:
 {¶ 17} "The lower court abused its discretion and erred as a matter of law by failing to address [sic] the issue's [sic] raised by appellant's motions to change of custody of Tiffany McCain, to terminate his obligation to continue to pay child support for Tiffiany [sic] McCain and to determine his arrears for Tiffany McCain in violation of appellant's rights to due process of law and a fair trial pursuant to the fourteenth Amentment [sic] to the united states constition [sic] and Article I, Section 10 of the Ohio Constitution."
 I {¶ 18} Appellant, in his sole assignment of error, argues that the trial court abused its discretion and erred by failing to address the issues raised by appellant in his February 12, 2002, motions to change custody of Tiffany, to terminate appellant's obligation to pay child support for Tiffany and to determine the amount of his child support arrearages for Tiffany. In essence, appellant argues that the trial court erred in failing to retroactively terminate appellant's child support obligation for Tiffany.
 {¶ 19} As is stated above, the parties in the case sub judice originally agreed to a split custody arrangement pursuant to which appellant had custody and was the residential parent of Robert and appellee had custody and was the residential parent of Tiffany. R.C.3119.01(B)(14)[1] defines split parental rights as "a situation in which there is more than one child who is the subject of an allocation of parental rights and responsibilities and each parent is the residential parent and legal custodian of at least one of those children."
 {¶ 20} In the case sub judice, the Separation Agreement expressly provided that appellant was to pay appellee "as and for child support for Tiffany the sum of $342.00 per month . . ."
 {¶ 21} While appellant alleged, in his motion for change of custody, that Tiffany had moved in with him in March of 2000, appellant did not file his motions for change of custody and to terminate child support for Tiffany until February 12, 2002, — approximately two years later.
 {¶ 22} Although Robert, the parties' son, moved in with appellee on or about August 30, 2000, appellee never filed any motion seeking her child support for Robert or to change custody of Robert. One can presume that appellee never filed motions since appellant, after Tiffany relocated to appellant's home in Oregon, did not immediately file a motion to terminate his child support obligation for Tiffany or for custody of Tiffany. Apparently, until February 12, 2002, when appellant filed his motion to retroactively terminate his child support obligation for Tiffany, appellee believed that, although the parties had in essence "exchanged" children, appellant would continue paying child support.
 {¶ 23} Appellant has cited no law in support of his argument that the trial court was required to retroactively modify child support. Equity requires that appellant's request to retroactively terminate child support be denied for the following reason. As is stated above, appellee, after Robert moved in with her, never filed a motion for child support for Robert or to change custody since appellant had never filed similar motions at the time that Tiffany changed residency to Oregon. Since appellee never filed a motion requesting that the trial court modify the child support order by requiring appellant to pay child support for Robert (instead of Tiffany), the trial court lacked jurisdiction to modify the same. Andrulis v. Andrulis (1985),26 Ohio App.3d 164, 498 N.E.2d 1380. Thus, if the trial court were to have granted appellant's February 12, 2002, motion, appellant's child support obligation for Tiffany would have been terminated retroactively to March of 2000 while, in contrast, appellee would not be able to receive child support for Robert during such time even though Robert was residing with her. Such a result would be inequitable.
 {¶ 24} In addition, there is a statute that forbids the retroactive modification of delinquent child support. Ohio Revised Code Section 3119.83 states: "Except as provided in section 3119.84 of the Revised Code, a court . . . may not retroactively modify an obligor's duty to pay a delinquent support payment."[2]
 {¶ 25} For the foregoing reasons, we find that the trial court did not abuse its discretion in denying appellant's request to retroactively terminate appellant's child support obligation for Tiffany.[3]
 {¶ 26} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 27} Accordingly, the judgment of the Stark County Court of Common Pleas, Family Court Division is affirmed.
Edwards, J., Hoffman, P.J. and Boggins, J. concur.
In Re: DR — Child Support.
[1] R.C. 3113.215(A)(8) is the predecessor to R.C. 3119.01(B)(14).
[2] O.R.C. Section 3119.84 states that a court may modify an obligor's duty to pay a support payment that becomes due after notice of a petition to modify the court support order has been given to each obligee and to the obligor before a final order concerning the petition for modification is entered.
[3] Appellant, in his brief, also argues that the trial court erred in failing to rule on appellant's February 12, 2002, motion to change custody of Tiffany. However, appellant's objection to the Magistrate's May 31, 2002, decision did not specifically address such issue. For such reason, such issue therefore, has been waived on appeal. See Carpenterv. Carpenter, Stark App. No. 2001CA00355, 2002-Ohio-2899.