OPINION
{¶ 1} Plaintiff-appellant, Ettore D. Scassa, appeals a decision of the Carroll County Common Pleas Court finding him in contempt of visitation and support orders. Specifically, he appeals the part of the court's sanction in which it modified visitation.
 {¶ 2} On May 29, 1992, appellant and defendant-appellee, Denice R. Scassa, obtained a divorce in the Carroll County Common Pleas Court. During the marriage, the parties had one child, Antonio (d.o.b. 08/26/1989). At the time, the court adopted the parties' shared parenting plan for Antonio.
 {¶ 3} After the divorce, the parties' had another child, Anjolena (d.o.b. 10/15/1993), who resided with appellee. In May 1997, appellant requested the court to terminate the shared parenting plan. On September 17, 1997, the court terminated the shared parenting plan, designated appellee as the residential parent for both children, and gave appellant standard visitation. The court also ordered appellant to pay $520 per month in child support for Antonio. On April 10, 1998, the court ordered appellant to pay $236 per month in child support for Anjolena.
 {¶ 4} Thereafter, the parties filed two agreed judgment entries — one on October 28, 1999, and the other on December 2, 2002 — which modified the terms of appellant's visitation. The October 28, 1999 entry gave appellant visitation every Wednesday from 2:30 p.m. to 8:00 p.m. and every other weekend from 5:30 p.m. Friday to 7:00 p.m. Sunday during the school year, and until 8:00 p.m. Sunday during summer break. The December 2, 2002, entry gave appellant visitation every Monday and Wednesday after school until 8:00 p.m. and every other weekend from 5:30 p.m. Friday to 7:00 p.m. Sunday.
 {¶ 5} On January 22, 2003, appellee filed a motion for contempt alleging that appellant had failed to abide by the visitation schedules set forth in the October 28, 1999 and December 2, 2002 agreed judgment entries. On March 14, 2003, appellee filed an amended motion for contempt in which she alleged that appellant also failed to comply with child support orders of September 17, 1997, and April 10, 1998.
 {¶ 6} Following a hearing on the motions, the court filed a judgment entry on April 21, 2003, finding appellant in contempt of all four orders. The court suspended a 30 day jail sentence on the condition that appellant's Monday visitation be terminated and that appellant's Wednesday visitation be exercised exclusively in Stark county (not appellant's county of residence) during the school year. The court also prohibited appellant from having any additional visitation with the children, even if agreed to by appellee. This appeal followed.
 {¶ 7} It should be noted that appellee has failed to file a brief in this matter. Therefore, the court may accept appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably sustains such action. App.R. 18(C).
 {¶ 8} Appellant's sole assignment of error states:
 {¶ 9} "The trial court erred as a mater of law when it modified custody as a sanction for contempt."
 {¶ 10} Nowhere in his brief does appellant attempt to argue that he was not in violation of the trial court's orders. Appellant only takes issue with the trial court's modification of visitation as a sanction for contempt.
 {¶ 11} A trial court's finding of contempt will not be reversed absent an abuse of discretion. State ex rel. Ventronev. Birkel (1981), 65 Ohio St.2d 10, 11, 19 O.O.3d 191,417 N.E.2d 1249. Abuse of discretion connotes more than an error of law or of judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 5 OBR 481,450 N.E.2d 1140. "When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court." In re Jane Doe 1 (1991),57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181.
 {¶ 12} Contempt has been variously classified as either direct or indirect, criminal or civil. In re Carroll (1985),28 Ohio App.3d 6, 8, 28 OBR 15, 501 N.E.2d 1204. R.C. 2705.01
addresses direct contempt. It reads:
 {¶ 13} "A court, or judge at chambers, may summarily punish a person guilty of misbehavior in the presence of or so near the court or judge as to obstruct the administration of justice."
 {¶ 14} R.C. 2705.02, which addresses indirect contempt, provides:
 {¶ 15} "A person guilty of any of the following acts may be punished as for a contempt:
 {¶ 16} "(A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or officer[.]"
 {¶ 17} Failure to comply with a child support order is an indirect contempt of court. R.C. 2705.02(A); Courtney v.Courtney (1984), 16 Ohio App.3d 329, 16 OBR 377,475 N.E.2d 1284. As is failure to comply with a visitation order. McGill v.McGill (1982), 3 Ohio App.3d 455, 456, 3 OBR 535,445 N.E.2d 1163.
 {¶ 18} Courts tend to distinguish civil and criminal contempt by the character and purpose of the sanction imposed. Brown v.Executive 200, Inc. (1980), 64 Ohio St.2d 250, 253, 18 O.O.3d 446, 416 N.E.2d 610. A sanction, whether imposed for civil or criminal contempt, contains an element of punishment. Id.
 {¶ 19} In ConTex, Inc. v. Consolidated Technologies, Inc.
(1988), 40 Ohio App.3d 94, 95-96, 531 N.E.2d 1353, the court elaborated on this distinction as follows:
 {¶ 20} "The purpose of criminal contempt sanctions is to vindicate the authority of the court, [Brown v. Executive 200,Inc. (1980), 64 Ohio St.2d 250, 254, 18 O.O.3d 446, 449,416 N.E.2d 610, 613], and to punish past acts of disobedience. [Latrobe Steel Co. v. United Steelworkers of America (C.A. 3, 1976), 545 F.2d 1336, 1343]. The penalties imposed on a criminal contemnor are unconditional, Brown, supra,64 Ohio St.2d at 253-254, 18 O.O.3d at 449, 416 N.E.2d at 613, and may take the shape of an absolute fine for a specific amount or a determinate period of confinement. Latrobe Steel Co., supra, at 1343.
 {¶ 21} "The purpose of sanctions imposed for civil contempt is to coerce compliance with the underlying order or to compensate the complainant for loss sustained by the contemnor's disobedience. Punishment for civil contempt may, therefore, be either: (1) remedial or compensatory in the form of a fine to compensate the complainant for the contemnor's past disobedience; or (2) coercive and prospective, i.e., designed to aid the complainant by bringing the defendant into compliance with the order, and conditional, wherein confinement may be terminated by the contemnor's adherence to the court's order. Brown,supra."
 {¶ 22} In addition to this common law authority for contempt sanctions, R.C. 2705.05(A) sets forth statutory limitations. It provides:
 {¶ 23} "(A) In all contempt proceedings, the court shall conduct a hearing. At the hearing, the court shall investigate the charge and hear any answer or testimony that the accused makes or offers and shall determine whether the accused is guilty of the contempt charge. If the accused is found guilty, the court may impose any of the following penalties:
 {¶ 24} "(1) For a first offense, a fine of not more than two hundred fifty dollars, a definite term of imprisonment of not more than thirty days in jail, or both;
 {¶ 25} "(2) For a second offense, a fine of not more than five hundred dollars, a definite term of imprisonment of not more than sixty days in jail, or both;
 {¶ 26} "(3) For a third or subsequent offense, a fine of not more than one thousand dollars, a definite term of imprisonment of not more than ninety days in jail, or both."
 {¶ 27} In Andrulis v. Andrulis (1985), 26 Ohio App.3d 164,166, 26 OBR 383, 498 N.E.2d 1380, the Ninth District held that a trial court exceeds it authority when it modifies visitation as a sanction for contempt. The court noted that "absent a motion for modification of support, and modification, termination or restriction of visitation rights, the trial court's continuing jurisdiction over visitation and support [is] not invoked." Id.
 {¶ 28} R.C. 3909.04 sets forth a detailed statutory scheme under which custody rights may be altered. Considerations such as a change in circumstances, the children's best interests, and the advantages and disadvantages of a modification figure into the equation along with factors going to each of those elements. Given the detailed nature of the statutory scheme set forth by the General Assembly, it could be inferred that had they wanted modification of visitation as an available sanction for contempt, they would have specifically included it.
 {¶ 29} In Fry v. Fry (1989), 64 Ohio App.3d 519, 522,582 N.E.2d 11, the Third District held that modification of a custody order was not an available sanction for contempt. In Martin v.Martin (June 30, 2000), 7th Dist. No. 97-JE-11, this court agreed with Fry and also held that a "change of custody can not be levied as a sanction for a contempt violation."
 {¶ 30} Based on the aforementioned reported precedent, including this court's holding in Martin, we hold that modification of a visitation order is not an available sanction for contempt.
 {¶ 31} Accordingly, appellant's sole assignment of error has merit.
 {¶ 32} The judgment of the trial court is hereby reversed and this cause is remanded to the trial court for further proceedings according to law and consistent with this opinion.
Vukovich and DeGenaro, JJ., concur.