The STATE of Ohio, Appellee,

v.

SLAVEN, Appellant.

[Cite as State v. Slaven, 191 Ohio App.3d 340, 2010-Ohio-6400.]

Court of Appeals of Ohio,
Fifth District, Delaware County.

No. 09CAA110093.

Decided Dec. 27, 2010.

---

14. See id.

342

David A. Yost, Delaware County Prosecuting Attorney, and Marianne T. Hemmter, Assistant Prosecuting Attorney, for appellee.

Yavitch & Palmer, Co., L.P.A., Stephen E. Palmer, and Nicholas Siniff, for appellant.

WILLIAM B. HOFFMAN, Judge.

{¶ 1} Defendant-appellant, Oral Slaven, appeals from his convictions in the Delaware County Court of Common Pleas. Plaintiff–appellee is the state of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶ 2} Appellant was indicted by the state of Ohio on seven counts of rape and three counts of gross sexual imposition for the alleged sexual abuse of his 12–year–old stepdaughter, K.S., and three-year-old son, D.S.

{¶ 3} K.S. initially disclosed the abuse to a friend at school. Following a referral from the school's principal, Job and Family Services ("JFS") intervened. Patty Clements of JFS testified that as part of her investigation, she interviewed K.S. at school and that K.S. had disclosed that appellant had raped and fondled her.

{¶ 4} K.S. testified at trial that appellant had sexually abused her from the time she started fourth grade. K.S. related numerous incidents of appellant's sexually penetrating and fondling her, including an incident during which D.S. walked into the room and witnessed the encounter.

{¶ 5} Testimony at trial indicated that D.S. had told Kathy Speakman, his maternal grandmother, that appellant had put his "pee-pee" in his butt and "it hurt," and he had witnessed appellant put a "balloon on his pee-pee" and engage in inappropriate behavior with K.S. D.S. told a hospital nurse that appellant had given him a "boo boo" on his butt.

{¶ 6} The trial court conducted a competency hearing as to the testimony of D.S. The trial court ultimately determined that D.S. was competent to testify at trial.

{¶ 7} D.S. testified at trial that his father had pulled his pants down and had put his penis inside D.S.'s butt, "where [his] poop lives."

{¶ 8} Prior to trial, appellant filed a motion to sever due to the separate incidents involving the two separate victims. Appellant also filed a motion in limine to preclude the state from introducing the testimony of Joyce Mangold Lee concerning a prior sexual encounter with appellant. The trial court allowed the testimony of Lee.

{¶ 9} Following a jury trial, appellant was found guilty on all counts and was sentenced to a total of 85 years to life in the Ohio Department of Corrections.

{¶ 10} Appellant now appeals, assigning as error:

{¶ 11} "I. The trial court erred in consolidating K.S. and D.S.'s trials thereby violating appellant's rights as guaranteed by the Fifth and Fourteenth Amend-

ments of the United States Constitution and Article I, Section 10 of the Constitution of the state of Ohio.

{¶ 12} "II. The trial court erred in permitting Joyce Mangold lee to testify about her sexual encounter with appellant 13 years prior to the trial in this case thereby violating appellant's right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and comparable provisions of the Ohio Constitution.

{¶ 13} "III. The trial court improperly admitted hearsay statements of the alleged victims in violation of the rules of evidence and appellant's right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and comparable provisions of the Ohio Constitution.

{¶ 14} "IV. The trial court violated appellant's right of confrontation and right to present a full and complete defense as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Ohio constitution by improperly admitting hearsay statements of the alleged victims and limiting appellant's cross-examination concerning Karma's history of mental illness.

{¶ 15} "V. The trial court abused its discretion by refusing to continue the case as a subpoenaed witness was out-of-town, thereby violating appellant's right to present a full defense as guaranteed by the compulsory process clause of the Sixth Amendment, the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and Article I, Section 10 of the Ohio Constitution.

{¶ 16} "VI. The trial court erred in admitting the expert testimony of medical doctors as it improperly bolstered the credibility of Karma and Finny, thus violating appellant's Fifth and Fourteenth Amendment rights to the United States Constitution and comparable provisions of the Ohio Constitution.

{¶ 17} "VII. The trial court erred in overruling appellant's objection to the competency of five year old D.S. to testify when he could not recall specific events from over two years prior to the competency hearing and trial, thereby violating appellant's Sixth and Fourteenth Amendment rights to the United States Constitution and comparable provisions of the Ohio Constitution.

{¶ 18} "VIII. The trial court violated appellant's right to due process as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution by entering verdicts against the manifest weight of the evidence."

## I and II

{¶ 19} Appellant's first and second assignments of error raise common and interrelated issues; therefore, we will address the arguments together.

{¶ 20} Appellant maintains that the trial court erred in consolidating the trials for the separate victims.

{¶ 21} Ohio Crim.R. 8 governs joinder of offenses and provides:

{¶ 22} "(A) **Joinder of offenses**

{¶ 23} "Two or more offenses may be charged in the same indictment, information or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct."

{¶ 24} Crim.R. 14 governs relief from prejudicial joinder and states:

{¶ 25} "If it appears that a defendant or the state is prejudiced by a joinder of offenses or of defendants in an indictment, information, or complaint, or by such joinder for trial together of indictments, informations or complaints, the court shall order an election or separate trial of counts, grant a severance of defendants, or provide such other relief as justice requires. In ruling on a motion by a defendant for severance, the court shall order the prosecuting attorney to deliver to the court for inspection pursuant to Rule 16(B)(1)(a) any statements or confessions made by the defendants which the state intends to introduce in evidence at the trial."

{¶ 26} Joinder is liberally permitted to conserve judicial resources, reduce the chance of incongruous results in successive trials, and diminish inconvenience to the witnesses. *State v. Schaim* (1992), 65 Ohio St.3d 51, 600 N.E.2d 661. Joinder of offenses solely because they are of the same or similar character creates a greater risk of prejudice to the defendant, while the benefits from consolidation are reduced because "unrelated offenses normally involve different times, separate locations, and distinct sets of witnesses and victims." Id. When a defendant claims he or she was prejudiced by the joinder of multiple offenses, the court must determine (1) whether evidence of the other crimes would be admissible even if the counts were severed and (2) if not, whether the evidence of each crime is simple and distinct. Id. at 59. The defendant bears the burden of proving prejudice and that the trial court abused its discretion in denying severance.

{¶ 27} Ohio Evid.R. 404(B) reads:

{¶ 28} "(B) Other crimes, wrongs or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other

purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

{¶ 29} The admissibility of other-acts evidence is carefully limited because of the substantial danger that the jury will convict the defendant solely because it assumes that the defendant has a propensity to commit criminal acts, or deserves punishment regardless of whether he or she committed the crime charged in the indictment. See *State v. Curry* (1975), 43 Ohio St.2d 66, 68, 72 O.O.2d 37, 38, 330 N.E.2d 720, 723. This danger is particularly high when the other acts are very similar to the charged offense, or are of an inflammatory nature. *Schaim,* 65 Ohio St.3d at 60, 600 N.E.2d 661; *State v. Miley,* Richland App. Nos. 2005–CA–67 and 2006–CA–4670, 2006-Ohio-4670, 2006 WL 2589816; *State v. Clay,* 187 Ohio App.3d 633, 2010-Ohio-2720, 933 N.E.2d 296.

{¶ 30} Evidence of other acts is admissible if (1) there is substantial proof that the alleged other acts were committed by the defendant and (2) the evidence tends to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *State v. Carter* (1971), 26 Ohio St.2d 79, 83, 55 O.O.2d 130, 269 N.E.2d 115; *State v. Lowe* (1994), 69 Ohio St.3d 527, 530, 634 N.E.2d 616, citing *State v. Broom* (1988), 40 Ohio St.3d 277, 282–283, 533 N.E.2d 682; Evid.R. 404(B); R.C. 2945.59; *Miley,* 2006-Ohio-4670, 2006 WL 2589816; *Clay,* 187 Ohio App.3d 633, 2010-Ohio-2720, 933 N.E.2d 296.

{¶ 31} In the case at bar, no dispute exists that appellant was the perpetrator. In other words, no dispute exists as to identity. *Miley,* 2006-Ohio-4670, 2006 WL 2589816, at ¶ 73; *Clay,* 187 Ohio App.3d 633, 2010-Ohio-2720, 933 N.E.2d 296, at ¶ 45. As the identity of the person who had committed the crime was not an issue at trial, the other acts would not have been properly admitted to prove appellant's scheme, plan, or system in committing the crimes charged. *Mt. Vernon v. Hayes,* Knox App. No. 09–CA–0007, 2009-Ohio-6819, 2009 WL 4985247, at ¶ 26. For a comparable analysis, see also this court's opinions in *State v. Ross,* Stark App. No. 2009CA00253, 2010-Ohio-5096, 2010 WL 4111163, and *State v. Gresh,* Delaware App. No. 09–CAA–012–0102, 2010-Ohio-5814, 2010 WL 4884218.[1]

{¶ 32} Additionally, appellant did not claim mistake or accident. Rather, appellant denied committing the sexual acts altogether.

{¶ 33} We find that the probative value of the evidence at issue is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury. The similarities between the sexual abuses committed against each victim and the inflammatory nature of the offenses

---

1. Unlike in *Ross* and *Gresh,* we do not find that the other evidence in this case comprises overwhelming evidence of appellant's guilt beyond a reasonable doubt.

elevate the risk of prejudice to the degree that the trial court should have severed the offenses. See *State v. Kaufman,* 187 Ohio App.3d 50, 2010-Ohio-1536, 931 N.E.2d 143.

{¶ 34} In *State v. Frazier,* Cuyahoga App. No. 83024, 2004-Ohio-1536, 2004 WL 443650, the Eighth District Court of Appeals addressed this issue and held that the evidence of the other sexually related actions would not have been admissible in both trials if the offenses had been tried separately. The court noted, "[T]his combined with the fact that the offenses against each victim varied in degree and that the testimony by each victim was similar, the fact-finder would have had a very difficult time looking at the evidence supporting each offense as simple and distinct because the temptation would be too great to respond to the evidence emotionally rather than rationally." Id.

{¶ 35} We hold that the evidence as to each victim would not be admissible in both trials if the offenses were tried separately, and the varying degree of testimony as to each victim obscures a finding as to the evidence's being simple and direct.

{¶ 36} Appellant further maintains that the trial court erred in denying his motion in limine to prohibit the testimony of Joyce Mangold Lee as to her sexual encounter with appellant 13 years ago. Lee testified that when she was 14, she lived near appellant. Lee testified that while she was visiting a friend's house, appellant had put his hand up her skirt. The trial court admitted the evidence over objection.

{¶ 37} Again, the other-acts evidence presented in the testimony is not necessary to demonstrate motive, intent, or a modus operandi. Intent and motive are usually obvious in sexual-abuse cases, and appellant's defense did not challenge the state's case in this regard. Rather, appellant argued as a defense that he did not commit the offenses. Further, appellant's encounter with Lee is not necessary to establish a behavioral fingerprint to identify appellant. Accordingly, we conclude that the trial court erred in admitting the testimony of Lee.

{¶ 38} For the reasons set forth above, we sustain appellant's first and second assignments of error.

### III, IV, V, VI, VII, and VIII

{¶ 39} Based upon our analysis and disposition of appellant's first and second assignments of error, we find appellant's third, fourth, fifth, sixth, seventh, and eighth assignments of error are moot.

{¶ 40} Appellant's convictions in the Delaware County Court of Common Pleas are reversed, and the matter is remanded to the trial court for further proceedings in accordance with the law and this opinion.

Judgment reversed
and cause remanded.

EDWARDS, P.J., and GWIN, J., concur.