[Cite as *State v. Triona*, 2017-Ohio-2948.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| ANTHONY B. TRIONA | Case No. 16-CA-78 |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Licking County Court of
                             Common Pleas, Case No. 2015CR804

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      May 22, 2017

APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

PAULA SAWYERS                       ROBERT C. BANNERMAN
Chief Assistant Prosecuting Attorney P.O. Box 77466
Licking County Prosecutor's Office  Columbus, Ohio 43207
20 S. Second St, 4th Floor
Newark, Ohio 43055

*Hoffman, J.*

{¶1}   Defendant-appellant Anthony B. Triona appeals his conviction and sentence entered by the Licking County Court of Common Pleas. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   Two victims are involved in this case, A.I. and J.K.  On January 5, 2015, Appellant contacted A.I. through Facebook, and asked her to come to his residence. Appellant and A.I. had a previous relationship, but had not been in contact for some time prior to January 5, 2015. A.I. arrived at Appellant's residence sometime after midnight on January 6, 2015, and they went to Appellant's bedroom.

{¶3}   The parties talked for a while.  When A.I. attempted to leave the room, she maintains Appellant pushed her backwards onto the bed.  Appellant then held her arms above her head, removed her leggings and proceeded to engage in vaginal intercourse with A.I. A.I. claims she repeatedly told Appellant to stop, and tried to get up, but Appellant held her down. Tr. at 134.  Appellant bit A.I's breast during the encounter. Tr. at 139.  A.I. cried, making small noises and struggled during the encounter. Tr. at 135-136.  Appellant placed a pillow on A.I.'s face, and held her wrist down.  Id. Appellant told A.I. he would not stop "until he was done." Tr. at 138.  Immediately after the incident, A.I. left the residence.

{¶4}   In a controlled phone call by law enforcement the next day, Appellant stated he had never done such a thing before, hoped they could remain friends, and believed

his "power and control" just took over the situation. Appellant admitted to engaging in "pretend rape" with other girlfriends, and believing Appellant would enjoy it. Tr. at 379.

{¶5} At trial, Appellant admitted to engaging in rough sex with A.I., as he thought she would "enjoy it." Tr. at 359. He told her before the encounter he was "better at sex" and "had learned some new things." He did not tell her specifically what he would do to her. Tr. at 358. He maintains A.I. never told him to stop, did not struggle and consented to the encounter despite having a boyfriend.

{¶6} J.K. dated Appellant during the summer months of 2012. J.K. attended bonfires at Appellant's mother's house. During a bonfire, Appellant asked J.K to look at something in the barn with him, and locked the door. J.K. maintains she told Appellant she would not have sex with him that night as his parents were sleeping inside the residence. Tr. at 289. Appellant then pushed J.K. downward onto the cement floor, placing one arm on her upper back to hold her down while he pulled down the leggings she was wearing.[1] Tr. at 290. J.K. maintains she struggled to get up, and told Appellant "no" and to "stop." Tr. at 291-292. Appellant attempted anal penetration; subsequently, engaging in vaginal intercourse with J.K. J.K. repeatedly told Appellant to stop and shouted at him. Appellant's mother pounded on the man door to the barn, and Appellant stopped.

{¶7} Appellant testified at trial he had a sexual relationship with J.K. at the time, and they had sexual intercourse in the barn on several occasions. However, Appellant denied recollection of the specific encounter with J.K.

---

[1] Amended Bill of Particulars, June 24, 2016.

{¶8} Appellant admits to engaging in rape role play, or pretend rape as a sexual activity.

{¶9} On April 21, 2016, the Licking County Grand Jury indicted Appellant on two counts of rape (Counts One and Three), in violation of R.C. 2907.02(A)(2), felonies of the first degree; and one count of resisting arrest (Count Two)[2], in violation of R.C. 2921.33(A), a misdemeanor of the second degree.[3]

{¶10} On June 24, 2016, the trial court conducted a rape shield hearing, wherein the parties stipulated to Appellant having a prior relationship with the alleged victims. The parties agreed they would not inquire as to specific instances of any prior relationships, particularly any acts of sexual activity predating the offenses charged.

{¶11} On June 27, 2016, Appellant filed a request for relief from prejudicial joinder. Appellant moved the trial court for relief from joinder of the three counts relating to two different victims in a single indictment. Appellant argued joinder in a single indictment would prejudice his opportunity to have a fair trial, citing Criminal Rule 14 governing relief from joinder in a single indictment. Specifically, Appellant moved the trial court to sever Count Three, pertaining to J.K., from Counts One and Two, pertaining to A.I., from the indictment "for the purposes of any further proceedings herein."[4] The State filed a

---

[2] As Appellant has not assigned as error his conviction or sentence for resisting arrest, we have not set forth a statement of the facts pertinent to the charge.

[3] The April 21, 2016 Indictment is a superseding indictment following a dismissal of the indictment of December 3, 2015, charging one count of rape and one count of resisting arrest.

[4] Defendant's Request for Relief from Prejudicial Joinder, June 27, 2016.

memorandum contra Appellant's motion to sever on June 29, 2016. The trial court overruled the motion on the record prior to trial.[5]

{¶12} Following a jury trial, Appellant was convicted on all counts. The trial court conducted a sentencing hearing, and imposed sentence via August 22, 2016 Judgment Entry.

{¶13} Appellant appeals, assigning as error,

I. THE TRIAL COURT ERRED BY OVERRULING APPELLANT'S MOTION FOR RELIEF FROM PREJUDICIAL JOINDER.

II. THE TRIAL COURT ERRED BY FAILING TO GIVE JURY INSTRUCTIONS AND VERDICT FORMS FOR LESSER-INCLUDED OFFENSES.

I.

{¶14} In the first assignment of error, Appellant argues the trial court erred in overruling his motion for relief from joinder.

{¶15} Joinder of offenses is governed by Crim. R. 8(A), which states offenses may be joined if they are of the same or similar character, are based on the same act or transaction, or are based on two or more acts or transactions connected together or part of a common scheme or course of criminal conduct. Joinder is liberally permitted to conserve judicial resources, reduce the chance of incongruous results in successive

---

[5] Appellant entered a "continuing objection" to the trial court's denial of the motion to sever on the record.

trials, and diminish inconvenience to witnesses. See, *State v. Torres,* 66 Ohio St.2d 340, 343, 421 N.E.2d 1288 (1981). Joinder is appropriate where the evidence is interlocking and the jury is capable of segregating the proof required for each offense. *State v. Czajka,* 101 Ohio App.3d 564, 577–578, 656 N.E.2d 9 (8th Dist.1995).

**{¶16}** If similar offenses are properly joined pursuant to Crim. R. 8(A), the accused may move to sever the charges pursuant to Crim. R. 14, wherein the burden is on the defendant to demonstrate his rights would be prejudiced by joinder. *State v. Strobel,* 51 Ohio App.3d 31, 33, 554 N.E.2d 916 (3rd Dist.1988).

**{¶17}** As set forth in the Statement of the Facts and Case, Appellant moved the trial court to sever Count Three, relating to J.K., from Counts One and Two of the indictment, relating to A.I., claiming joinder of the offenses in a single indictment to be prejudicial.

**{¶18}** A Crim.R. 14 motion for severance of counts due to prejudicial misjoinder is waived unless it is renewed at the close of the state's case or at the conclusion of all the evidence. *State v. Strobel* (1988), 51 Ohio App.3d 31, 554 N.E.2d 916, paragraph two of the syllabus; *State v. Owens* (1975), 51 Ohio App.2d 132, 5 O.O.3d 290, 366 N.E.2d 1367, paragraph two of the syllabus. *Simpson,* 9th Dist. 12CA010147, 12CA010148, 2013-Ohio-4276; *State v. Vu,* 9th Dist. No. 11CA0042-M, 2012-Ohio-746.

**{¶19}** Prior to the commencement of trial herein, the trial court addressed the motion for relief from joinder on the record. The trial court found the charges involved separate victims and the evidence not subject to confusion. Tr. at 12. The court overruled the motion to sever prior to the commencement of trial, and Appellant's counsel placed "a continuing objection to the case proceeding in that manner at this time." Tr. at 13.

**{¶20}** At the close of the State's case, Appellant's counsel moved the trial court for acquittal, pursuant to Criminal Rule 29. Counsel did not renew the motion for relief from joinder at the close of the State's case.

**{¶21}** Nonetheless, if it appears a defendant is prejudiced by joinder, a trial court may grant a severance. *State v. Brinkley* 105 Ohio St.3d 231, 824 N.E.2d 959, 2005-Ohio-1507. The defendant bears the burden of proving the trial court abused its discretion in denying severance. Id.

**{¶22}** To prevail on a claim to sever counts, the defendant has the burden of demonstrating: 1) his rights were actually prejudiced; 2) at the time of the motion to sever, the defendant provided the trial court with sufficient information so that it could weigh the considerations favoring joinder against the potential prejudice the defendant's right to a fair trial; and 3) given the information provided to the court, the court abused its discretion in refusing to sever the charges. *State v. Schaim,* 65 Ohio St.3d 51, 59, 600 N.E.2d 661 (1992), citing *State v. Hamblin,* 37 Ohio St.3d 153, 158–159, 524 N.E.2d 476 (1988) and *Drew v. United States,* 331 F.2d 85 (D.C.Cir.1964).

**{¶23}** A defendant has not demonstrated prejudice where: (1) if the counts were severed, evidence of alleged misconduct from each count would be admissible in separate trials, and (2) if such evidence would not be admissible, the evidence of each count is simple and distinct. *Id.* "If the evidence of other crimes would be admissible at separate trials, any 'prejudice that might result from the jury's hearing the evidence of the other crime in a joint trial would be no different from that possible in separate trials,' and a court need not inquire further." *Schaim,* supra, 65 Ohio St.3d at 59, 600 N.E.2d 661, internal citation omitted. Accordingly, we must determine the extent to which evidence of

each of these crimes would be admissible in other trials if the counts were severed. *State v. Markwell,* 5th Dist. Muskingum No. CT2011–0056, 2012-Ohio-3096, 2012 WL 2613903, ¶ 46.

**{¶24}** We recognize the admission of other-acts evidence is limited because of the substantial danger a jury will convict the defendant solely because it assumes the defendant has a propensity to commit criminal acts, or deserves punishment regardless of whether he or she committed the crime charged in the indictment. *Schaim,* supra, 65 Ohio St.3d at 59, 600 N.E.2d 661, citing *State v. Curry,* 43 Ohio St.2d 66, 68, 330 N.E.2d 720 (1975). However, "[a]s long as used for purposes other than proving that the accused acted in conformity with a particular character trait, Evid.R. 404(B) permits the admission of 'other acts' evidence if it is 'related to and share[s] common features with the crime in question.' " *State v. Markwell,* supra, 2012-Ohio-3096, 2012 WL 2613903, at ¶ 45, citing *State v. Lowe,* 69 Ohio St.3d 527, 634 N.E.2d 616 (1994), paragraph one of the syllabus.

**{¶25}** Evid.R. 404(B), states in pertinent part,

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. ***

**{¶26}** In the case at bar, no dispute exists as to whether Appellant was the person involved in the two sex acts with two separate victims. In other words, no dispute exists

as to identity. *State v. Slaven,* 191 Ohio App.3d 340, 945 N.E.2d 1142, 2010-Ohio-6400. Appellant concedes he engaged in sexual intercourse with both A.I. and J.K., but claims the acts were consensual.

**{¶27}** As the identity of the person who committed the crime was not an issue at trial, the other acts would not have been properly admitted to prove Appellant's scheme, plan, or system in committing the offenses. Id. citing *State v. Ross,* Stark App. No. 2009CA00253, 2010-Ohio-5096; *State v. Gresh*, Delaware App. No. 09-CAA-012-0102; 2010-Ohio-5814. There was no dispute Appellant's intent and motive was to have sex. There was no claim by the Appellant as to lack of opportunity.

**{¶28}** In that it is arguable, the evidence is admissible to demonstrate absence of mistake, i.e. consent to rape role play or pretend rape, the trial court would not have abused its discretion in admitting the evidence. Evidence as to the rape of each victim may well have been admissible to demonstrate the absence of mistake given Appellant's claim in each instance he mistakenly assumed each victim consented to the conduct.

**{¶29}** Furthermore, we find the evidence of each crime is simple, distinct and direct. The jury was capable of separating the proof of multiple charges where, as here, the evidence of each crime is uncomplicated. *State v. Hamblin,* 37 Ohio St.3d 153, 159, 524 N.E.2d 476 (1988). In the case at bar, the counts were committed against two different victims, at two different locations. The acts occurred more than two years apart. Each victim testified separately and the prosecution introduced evidence of each distinct crime. The separate offenses, involving the two separate victims, separate dates, and separate locations, were clearly laid out for the jury and the jury was instructed that each count and victim should be considered from its own evidence. The trial court instructed

the jury each charge set forth in each count in the indictment constitutes a separate and distinct matter. The jury was instructed to consider each count and the evidence applicable to each count separately, and to state findings as to each count uninfluenced by a verdict as to any other count. Tr. at 435-436.

{¶30} We find Appellant has not demonstrated the trial court abused its discretion in denying his motion for relief from joinder of the offenses.

{¶31} Appellant's first assignment of error is overruled.

II.

{¶32} In the second assignment of error, Appellant argues the trial court erred in not instructing the jury on the lesser included offenses of sexual imposition and sexual battery.

{¶33} Initially, we note, Appellant did not object to the instructions given to the jury herein; therefore, Appellant has waived all but plain error on appeal. "Notice of plain error * * * is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long* (1978), 53 Ohio St.2d 91, 372 N.E.2d 804.

{¶34} An instruction on a lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense. *State v. Thomas* (1988), 40 Ohio St.3d 213, 533 N.E.2d 286. *Id.* The trial court must instruct the jury on the lesser included offense if it is possible for the trier of fact to find the defendant guilty of the lesser-included offense and not guilty of the charged offense under "any reasonable view of the evidence." *State v. Wilkins* (1980), 64 Ohio St.2d 382, 415 N.E.2d 303.

{¶35} Here, Appellant was convicted of Rape, in violation of R.C. 2907.02(A), which reads, "(2) No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."

{¶36} Appellant argues the trial court erred in failing to instruct the jury as to sexual imposition, in violation of R.C. 2907.06 and sexual battery, in violation of R.C. 2907.03. Those statutes read, respectively,

{¶37} R.C. 2907.06 (Sexual Imposition):

(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:

(1) The offender knows that the sexual contact is offensive to the other person, or one of the other persons, or is reckless in that regard.

{¶38} R.C. 2907.03 (Sexual Battery):

(A) No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply:

(1) The offender knowingly coerces the other person to submit by any means that would prevent resistance by a person of ordinary resolution.

**{¶39}** The jury was properly instructed as to rape. Appellant's theory of the case asserts the parties engaged in consensual, rough, intercourse. Appellant admits to engaging in intercourse, amounting to "pretend rape," with both A.I. and J.K. He did not discuss the "pretend rape" with either victim prior to engaging in sexual intercourse. In addition, both victims testified they told Appellant no, and asked him to stop. Both described a struggle with Appellant, during which he held them down and proceeded to engage in vaginal intercourse, against their consent. Appellant has not offered evidence either victim knew of the "role play" or consented to "pretend rape" prior to the encounter.

**{¶40}** Under the facts of this case, we find the trial court did not commit plain error in failing to instruct the jury on the lesser included offenses of sexual imposition or sexual battery. It is far from clear the outcome of the trial would have been different had the jury been instructed on lesser-included offenses.

**{¶41}** The second assignment of error is overruled.

{¶42} Appellant's convictions entered by the Licking County Court of Common Pleas are affirmed.

By: Hoffman, J.

Delaney, P.J.  and

Wise, Earle, J. concur