Hoffman, P.J., concurring
 

 {¶ 57} I concur in the majority's analysis and disposition of Appellant's first and second assignments of error.
 

 {¶ 58} I further concur in the majority's disposition of the third and fourth assignment of errors, but do so for a different reason.
 

 {¶ 59} It is a well-established principle Confrontation Clause rights, like other constitutional rights, can be waived.
 
 State v. Pasqualone
 
 ,
 
 121 Ohio St. 3d 186
 
 , 189-90,
 
 903 N.E.2d 270
 
 , 274,
 
 2009-Ohio-315
 
 , ¶ 14. See
 
 Brookhart v. Janis
 
 (1966),
 
 384 U.S. 1
 
 , 4,
 
 86 S.Ct. 1245
 
 ,
 
 16 L.Ed.2d 314
 
 ;
 
 Hawkins v. Hannigan
 
 (C.A.10, 1999),
 
 185 F.3d 1146
 
 , 1154 ("There is no doubt that a defendant may waive" the right to confrontation). See also
 
 Hinojos-Mendoza v. People
 
 (Colo.2007),
 
 169 P.3d 662
 
 , 668 (United States Supreme Court's decision in
 
 Crawford v. Washington
 
 "did not alter the fact that the right to confrontation can be waived");
 
 Magruder v. Commonwealth
 
 (2008),
 
 275 Va. 283
 
 , 295,
 
 657 S.E.2d 113
 
 (
 
 Crawford
 
 did not speak to the issue of waiver of right to confrontation).
 

 {¶ 60} I find Appellant waived his right to confrontation in agreeing to allow the videotape of E.C.'s interview, knowing she was unavailable to testify. Appellant did so pursuant to an agreement by which he was able to introduce his own videotaped interview without taking the stand.
 

 {¶ 61} I agree Appellant invited any error with regard to the videotaped interview constituting impermissible hearsay. A criminal defendant may not make an affirmative, apparently strategic, decision at trial and then complain on appeal the result of that decision constitutes reversible error.
 
 State v. Doss,
 
 Eighth Dist. No. 84433,
 
 2005-Ohio-775
 
 ,
 
 2005 WL 433531
 
 . This is precisely the situation the invited error doctrine seeks to avert and, in this case, the doctrine precludes asserting as error the introduction of the videotaped interview as hearsay. I further find any error to be harmless as the statements were made for the purpose of medical treatment or diagnosis, and provided to
 the treating physician; therefore, admissible under Evidence Rule 803(4).
 

 {¶ 62} I further concur in the majority's holding with regard to the fifth assignment of error. However, I do so based upon a different rationale.
 

 {¶ 63} Appellant failed to renew his motion to sever at the second trial. Therefore, Appellant has waived all but plain error.
 

 {¶ 64} In the case at bar, identity is not at issue. There is no dispute Appellant is the perpetrator accused of the acts. As the identity of the person who committed the crime was not an issue at trial, the other acts evidence would not have been properly admitted to prove appellant's scheme, plan, or system in committing the crimes charged.
 
 Mt. Vernon v. Hayes,
 
 Knox App. No. 09-CA-0007,
 
 2009-Ohio-6819
 
 ,
 
 2009 WL 4985247
 
 , at ¶ 26. For a comparable analysis, see also this court's opinions in
 
 State v. Ross
 
 , Stark App. No. 2009CA00253,
 
 2010-Ohio-5096
 
 ,
 
 2010 WL 4111163
 
 , and
 
 State v. Gresh
 
 , Delaware App. No. 09-CAA-012-0102,
 
 2010-Ohio-5814
 
 ,
 
 2010 WL 4884218
 
 .
 

 {¶ 65} Appellant does not claim mistake or accident on his part; therefore, the other acts evidence would not be admissible to prove absence of mistake. Rather, Appellant denied committing the acts altogether.
 

 {¶ 66} The majority finds the evidence admissible to prove motive or intent (sexual gratification), and opportunity or plan (a teacher targeting very young female students in his chess class while at school.) Appellant admits to interaction with the children, and to acting as their chess teacher; therefore, opportunity or plan is not at issue. Since it is assumed human conduct is prompted by a desire to achieve a specific result, the question of motive is generally relevant in all criminal trials, even though the prosecution need not prove motive in order to secure a conviction.
 
 State v. Smith
 
 ,
 
 84 Ohio App. 3d 647
 
 , 665,
 
 617 N.E.2d 1160
 
 , 1172-73 (1992) ; See
 
 Fabian v. State
 
 (1918),
 
 97 Ohio St. 184
 
 ,
 
 119 N.E. 410
 
 . The "motive for the alleged crimes involved in the present case is apparent. A person commits or attempts to commit gross sexual imposition for the obvious motive of sexual gratification. Since motive was not at issue at the trial, other acts testimony was not admissible to prove this matter."
 

 Id.,
 

 43 Ohio St.2d at 70-71, 72 O.O.2d at 39-40, 330 N.E.2d at 724. See, also,
 
 State v. Whitmer
 
 (May 20, 1986), Marion App. No. 9-84-39, unreported,
 
 1986 WL 5908
 
 . Appellant's motive is apparent from the charges and is not a material issue.
 
 State v. Smith
 
 (1992),
 
 84 Ohio App.3d 647
 
 , 665,
 
 617 N.E.2d 1160
 
 Therefore, I would find the evidence as to each victim inadmissible other acts evidence.
 

 {¶ 67} In
 
 State v. Slaven,
 

 191 Ohio App. 3d 340
 
 , 346-47,
 
 945 N.E.2d 1142
 
 , 1147,
 
 2010-Ohio-6400
 
 , this Court held,
 

 We find that the probative value of the evidence at issue is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury. The similarities between the sexual abuses committed against each victim and the inflammatory nature of the offenses *347 elevate the risk of prejudice to the degree that the trial court should have severed the offenses. See
 
 State v. Kaufman,
 

 187 Ohio App.3d 50
 
 ,
 
 2010-Ohio-1536
 
 ,
 
 931 N.E.2d 143
 
 .
 

 In
 
 State v. Frazier
 
 , Cuyahoga App. No. 83024,
 
 2004-Ohio-1536
 
 [
 
 2004-Ohio-1121
 
 ],
 
 2004 WL 443650
 
 , the Eighth District Court of Appeals addressed this issue and held that the evidence of the other sexually related actions would not have been admissible in both trials if the offenses had been tried separately. The court noted, "[T]his combined with the fact that the offenses against each victim varied in degree and that the testimony by each victim was similar, the fact-finder would have had a very difficult
 time looking at the evidence supporting each offense as simple and distinct because the temptation would be too great to respond to the evidence emotionally rather than rationally."
 
 Id.
 

 We hold that the evidence as to each victim would not be admissible in both trials if the offenses were tried separately, and the varying degree of testimony as to each victim obscures a finding as to the evidence's being simple and direct.
 

 {¶ 68} Appellant has waived all but plain error. "Notice of plain error * * * is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."
 
 State v. Long
 
 (1978),
 
 53 Ohio St.2d 91
 
 ,
 
 372 N.E.2d 804
 
 . I concur in the majority's finding the trial court's denial of the motion to sever does not amount to plain error. While I find the evidence as to each victim would not be admissible if the trials were held separately, and the jury's temptation would be great to respond emotionally, rather than, rationally, I do not find the trial court committed plain error as the evidence as to each victim is simple and direct.