[Cite as *State v. Wilson*, 2017-Ohio-5724.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| F. LEON WILSON | : | Case No. 16-CAA-08-0035 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:             Appeal from the Court of Common
                                     Pleas, Case No. 15CR-I-07-0319


JUDGMENT:                            Affirmed


DATE OF JUDGMENT:                    July 3, 2017


APPEARANCES:

For Plaintiff-Appellee               For Defendant-Appellant

DOUGLAS N. DUMOLT                     NICHOLAS CURRAN
140 North Sandusky Street            1901 Butterfield Road
Third Floor                          Suite 650
Delaware, OH 43015                   Downers Grove, IL 60515

                                     BRIAN G. JONES
                                     2211 U.S. Highway 23 North
                                     Delaware, OH 43015

*Wise, Earle, J.*

{¶ 1}  Defendant-Appellant, F. Leon Wilson, appeals the August 2, 2016 judgment of conviction and sentence of the Court of Common Pleas of Delaware County, Ohio.  Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}  On July 17, 2015, the Delaware County Grand Jury indicted appellant on three counts of gross sexual imposition in violation of R.C. 2907.05.  Counts 1 and 2 pertained to E.C., four years old, and Count 3 pertained to K.P., seven years old.  Each count included a school safety zone specification (R.C. 2941.143).  The charges arose from separate incidents between appellant and E.C. and appellant and K.P. while at school.  Appellant was their chess teacher.

{¶ 3}  On April 9, 2015, E.C. told her parents her chess teacher touched her, demonstrating the touch by placing her hand on top of her clothes between her legs and moving her hand up and down.  E.C. told her forensic interviewer the same story.

{¶ 4}  Following appellant's arrest which was publicized in the press, K.P.'s father asked K.P. if anything had happened to her since she had been a student in appellant's chess class in February and March 2015.  K.P. stated it happened once.  K.P. told her forensic interviewer that appellant asked her for permission to touch her vagina and when she gave him permission, he rubbed her vagina over her clothing.

{¶ 5}  On August 31, 2015, appellant filed a motion to sever Counts 1 and 2 from Count 3.  A hearing was held on September 21, 2015.  By judgment entry filed September 24, 2015, the trial court denied the motion.

{¶ 6}   On December 5, 2015, appellant filed a motion for competency hearings of E.C. and K.P. prior to either being permitted to testify.   A hearing was held on January 4, 2016.  The state indicated it would not be calling E.C. as a witness.  The trial court conducted an examination of K.P. and determined K.P. to be competent to testify.

{¶ 7}   On January 4, 2016, appellant filed a motion to compel confrontation, objecting to the playing of E.C.'s videotaped forensic interview during the trial.   A hearing was held on February 11, 2016.

{¶ 8}   On January 21, 2016, appellant filed a supplemental motion on the issuance of severance.  By judgment entry filed February 22, 2016, the trial court again denied the motion to sever, and denied appellant's motion to compel confrontation, finding E.C.'s out-of-court statements were admissible as pertaining to medical diagnosis or treatment.

{¶ 9}   A jury trial commenced on February 23, 2016, but the jury could not reach a verdict on any of the counts and a mistrial was declared.  Thereafter, a different judge was assigned to the case.

{¶ 10} On May 27, 2016, appellant reasserted his motion to exclude E.C.'s videotaped interview, claiming it violated his right to confrontation and it did not fit the medical diagnosis or treatment exception to the hearsay rule.   Again, the trial court denied the motion.

{¶ 11} A second jury trial commenced on June 6, 2016.  The jury found appellant guilty of Counts 1 and 3, and not guilty of Count 2.  The jury also found the offenses were committed in a school safety zone.

{¶ 12} On June 24, 2016, appellant filed a motion for judgment of acquittal and motion for new trial. By judgment entry filed July 21, 2016, the trial court denied the motions.

{¶ 13} By judgment entry filed August 2, 2016, the trial court sentenced appellant to an aggregate term of eight and one-half years in prison.

{¶ 14} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶ 15} "THE STATE'S FAILURE TO DISCLOSE THAT E.C. COULD NOT REMEMBER THE ALLEGED ABUSE OR MR. WILSON VIOLATED MR. WILSON'S RIGHT TO DUE PROCESS OF LAW AS SECURED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION."

II

{¶ 16} "IN THE ALTERNATIVE, MR. WILSON WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION WHERE HIS TRIAL ATTORNEYS FAILED TO PRESENT EVIDENCE THAT E.C. COULD NOT REMEMBER THE ALLEGED ABUSE AND/OR MR. WILSON."

III

{¶ 17} "THE TRIAL COURT VIOLATED MR. WILSON'S RIGHT TO BE CONFRONTED WITH THE WITNESSES AGAINST HIM AS SECURED BY THE

SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION WHERE IT ADMITTED E.C.'S VIDEOTAPED INTERVIEW AND E.C. WAS UNAVAILABLE FOR CROSS EXAMINATION."

IV

{¶ 18} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHERE IT ADMITTED E.C.'S AND K.P'S OUT-OF-COURT VIDEOTAPED INTERVIEWS PURSUANT TO EVID.R. 803(4), THEREBY DENYING MR. WILSON'S RIGHT TO A FAIR TRIAL."

V

{¶ 19} "THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHERE IT DENIED MR. WILSON'S MOTION TO SEVER AND THEREBY ALLOWED THE STATE TO USE THE SEPARATE CHARGED ACTS AS PROPENSITY EVIDENCE TO IMPROPERLY SUPPORT EACH OTHER."

I, II

{¶ 20} In assignments of error one and two, appellant claims he was denied due process because the state failed to disclose that E.C. could not remember him or the incident. In the alternative, appellant claims he was denied the effective assistance of counsel because his trial attorneys failed to present evidence that E.C. could not remember him or the incident. We disagree.

{¶ 21} Appellee did not call E.C. to testify at trial. Appellant argues following the trial, he learned appellee failed to disclose that E.C. could not remember him or the incident. This was discovered via appellee's September 15, 2016 memorandum contra

defendant's motion to stay execution of sentence wherein appellee acknowledged, "[w]hile E.C. now has virtually no memory of Appellant, her parents have been devastated by this offense." Subsequently, appellant's trial counsel, Eric Willison, filed an affidavit averring during a jury instruction meeting with the trial court, appellee informed "defense counsel for the first time, that E.C. was not called because she could not remember the alleged events, and that because of this the prosecution decided not to call her." Willison aff. at ¶ 20, attached to Appellant's December 2, 2016 Motion to Reconsider Denial of Motion to Stay Execution of Sentence as Exhibit A.[1] During the sentencing hearing, appellee stated, "it's true that and fortunate that [E.] is so young she doesn't remember the details of what happened at this point." July 29, 2016 T. at 20.

{¶ 22} In his appellate brief at 7, appellant acknowledges because his trial attorneys did not object to the nondisclosure on the record, this issue is reviewed under a plain error standard. Crim.R. 52(B). In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. *State v. Long,* 53 Ohio St.2d 91, 372 N.E.2d 804 (1978). Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Id.* at paragraph three of the syllabus.

{¶ 23} In *State v. Johnston,* 39 Ohio St.3d 48, 529 N.E.2d 898 (1988), paragraphs four and five of the syllabus, following *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the Supreme Court of Ohio held the following:

---

[1]Appellant acknowledges the affidavit is dehors the record and cannot be considered in this appeal, but has raised the issue to avoid any future assertion of res judicata. Appellant's Brief at fn. 3.

The suppression by the prosecution of evidence favorable to an accused violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. (*Brady v. Maryland* [1963], 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, followed.)

In determining whether the prosecution improperly suppressed evidence favorable to an accused, such evidence shall be deemed material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. This standard of materiality applies regardless of whether the evidence is specifically, generally or not at all requested by the defense. (*United States v. Bagley* [1985], 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481, followed.)

{¶ 24} In order to establish a *Brady* violation, appellant must demonstrate three elements: 1) the prosecution failed to disclose evidence after requested by the defense; 2) the evidence was favorable to the defense; and 3) the evidence was material. *Moore v. Illinois,* 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972); *Mt. Vernon v. Link,* 5th Dist. Knox No. 14CA05, 2014-Ohio-4231.

{¶ 25} During the competency hearing held on January 4, 2016, appellee informed the trial court it would not be calling E.C., age five at the time, as a witness,

stating, "[h]er ability to recall events from during the summer even is very limited, and getting her to sit still for more than about five to ten minutes at a time is rather - - rather difficult."  January 4, 2016 T. at 3.  The indictment filed July 17, 2015 indicated the incident with E.C. occurred between March 31, 2015, through April 7, 2015 when she was four years old.  Defense counsel was put on notice in January 2016 that E.C.'s recall ability was limited.  This was nine months after the dates in the indictment.  If five year old E.C. had limited recall after nine months, it was not a surprise that she could not recall appellant and/or the incident sixteen months (sentencing) or seventeen months (memorandum contra) after the dates listed in the indictment.  We do not find appellee withheld evidence.

{¶ 26} Appellant argues in the alternative, his trial counsel was ineffective by failing to present evidence of E.C.'s lack of memory to the jury.

{¶ 27} The standard to establish ineffective assistance of counsel is set out in *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus.  Appellant must establish the following:

> 2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance.  (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.

{¶ 28} Appellant argues his trial counsel should have presented evidence on E.C.'s lack of memory by either "calling E.C. to testify, calling a witness to whom E.C. made statements concerning her lack of memory, or a stipulation."  Appellant's Brief at 14.

{¶ 29} Whether to call a five year old witness to the stand in a sexual abuse case is a strategic choice of counsel.  Based on her limited recall ability, her testimony could have gone either way.  As argued by appellee, placing a five year old child on the witness stand to answer questions sexual in nature could have very well alienated the jury.  Whether to call a certain witness at trial falls within the realm of trial tactics and generally will not constitute ineffective assistance of counsel.  *See State v. Coulter,* 75 Ohio App.3d 219, 598 N.E.2d 1324 (1992).  This court must accord deference to defense counsel's strategic choices made during trial and "requires us to eliminate the distorting effect of hindsight."  *State v. Post,* 32 Ohio St.3d 380, 388, 513 N.E.2d 754 (1987).  *See State v. Clayton,* 62 Ohio St.2d 45, 49, 402 N.E.2d 1189 (1980).

{¶ 30} Appellant does not list any potential witnesses that could have been called "to whom E.C. made statements concerning her lack of memory."  Defense counsel cannot be expected to call witnesses that do not exist.  Appellant also does not suggest what kind of "stipulation" defense counsel should have offered.

{¶ 31} Upon review, we do not find any deficiency by defense counsel and therefore no prejudice to appellant.

{¶ 32} Assignments of Error I and II are denied.

III, IV

{¶ 33} In assignments of error three and four, appellant claims he was denied his right to confront witnesses when the trial court admitted the videotaped interview of E.C. when E.C. was unavailable for cross-examination, and the trial court erred in admitting the videotaped interviews of E.C. and K.P. under Evid.R. 803(4), thereby denying his right to a fair trial.  We disagree.

{¶ 34} In his appellate brief at 17 and 21, appellant again acknowledges because his trial attorneys did not object to the playing of the videotapes during the trial, this issue is reviewed under a plain error standard.  Crim.R. 52(B); *Long, supra*.

{¶ 35} The Sixth Amendment's Confrontation Clause provides, "[i]n all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him."  In *Crawford v. Washington,* 541 U.S. 36, 59,124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the United States Supreme Court explained, "[t]estimonial statements of witnesses absent from trial have been admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine."  However, statements made for the purpose of medical diagnosis and treatment are nontestimonial.  *State v. Muttart,* 116 Ohio St.3d 5, 2007-Ohio-5267, 875 N.E.2d 944.  Further, "[s]tatements by very young children will rarely, if ever, implicate the Confrontation Clause.  Few preschool students understand the details of our criminal

justice system." *Ohio v. Clark,* 576 U.S. ___, 135 S.Ct. 2173, 2182, 192 L.Ed.2d 306 (2015).

{¶ 36} Appellee sought to introduce E.C.'s videotaped interview under Evid.R. 803(4) which states:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

**(4) Statements for Purposes of Medical Diagnosis or Treatment.** Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.

{¶ 37} In his May 27, 2016 motion in limine to exclude videotape evidence of E.C., appellant sought to exclude E.C.'s forensic interview with the Children's Advocacy Center within Nationwide Children's Hospital.  Appellant argued the interviewers "were acting as if they were part of the police department, yet holding on to the veneer of being physician's assistants in order to get the video testimony of the alleged victim admitted into evidence under Evid.R. 803(4)."  Prior to jury selection, the trial court entertained argument on the motion.  Appellee presented redacted copies of the videotaped interviews of both E.C. and K.P., editing out possible statements not

covered under a hearsay exception. T. at 43-44. The trial court denied appellant's motion in limine without comment. T. at 56. The next day, the parties agreed both videotaped interviews could be played in their entirety in exchange for appellant being able to play portions of his own videotaped interview. T. at 688-690.

{¶ 38} Appellee argues because of this agreement, appellant is precluded from arguing the issue under the invited error doctrine. Under this doctrine, it is well settled that "a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make." *State ex rel. Smith v. O'Connor,* 71 Ohio St.3d 660, 663, 646 N.E.2d 1115. *See Lester v. Leuck,* 142 Ohio St. 91, 50 N.E.2d 145 (1943), paragraph one of the syllabus. However, appellant made the agreement after the trial court had ruled the day before that the videotapes were admissible. We find appellant invited error on any hearsay statements within the videotapes because he agreed to play them in their entirety, but he did not waive his right to contest their admission under the plain error doctrine.

{¶ 39} E.C. was interviewed by Emily Combs, a forensic interviewer, who interviews children when there are concerns of abuse. T. at 705, 720-721; State's Exhibit 20. Ms. Combs explained the interviews are recorded, and the purpose of the interview is to give the child the opportunity to tell someone what has happened to him/her. T. at 712. She asks non-leading, open-ended questions so the child will tell her "whatever they want in their own words so I don't give them words to tell me." T. at 706, 717. She explained, "we do those in the hospital setting for medical diagnosis and treatment, and so I always communicate with the physician or the nurse practitioner about what the child has told me and that kinda guides their medical exam of the child."

T. at 712, 756. She admitted that police officers are part of the team and will watch the live feed of the interviews. *Id.* The interview is the same whether police are present or not. T. at 713. After the interview, the child undergoes a medical exam. T. at 714. Jonathan Thackeray, M.D., conducted a medical exam on E.C. T. at 529-530. He stated he always talks to the forensic interviewer before conducting the exam. T. at 546.

{¶ 40} K.P was interviewed by Kerri Wilkinson who is also a forensic interviewer. T. at 793, 806-807; State's Exhibit 21. She testified to the same procedures as used by Ms. Combs. T. at 796-797, 800-802, 806, 810. Following the interview, Gail Horner, Ph.D. and SANE nurse, conducted a medical exam on K.P. T. at 582-584. She stated she always meets with the forensic interviewer "immediately after the interview so that we can discuss everything that the child disclosed to them during the interview" to guide her in her examination. T. at 570-571. K.P. was declared competent to testify on January 5, 2016, and the child did in fact testify during the trial and was subject to cross-examination. T. at 1246-1294.

{¶ 41} Upon review, we find the statements made by E.C. to Ms. Combs and by K.P. to Ms. Wilkinson were for the purposes of medical diagnosis or treatment, and the trial court did not err in admitting the videotapes under Evid.R. 803(4). We find the playing of E.C.'s videotape did not violate appellant's rights under the Confrontation Clause.

{¶ 42} Assignments of Error III and IV are denied.

V

{¶ 43} In assignment of error five, appellant claims the trial court abused its discretion in denying his motion to sever.  We disagree.

{¶ 44} We note appellant did not renew his motion to sever to the new judge presiding over the second trial.  As a result, we will review this assignment of error under a plain error standard.  Crim.R. 52(B); *Long, supra.*

{¶ 45} Crim.R. 8(A) permits joinder of offenses and states the following:

Two or more offenses may be charged in the same indictment, information or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct.

{¶ 46} Crim.R. 14 governs relief from prejudicial joinder and states: "If it appears that a defendant or the state is prejudiced by a joinder of offenses or of defendants in an indictment, information, or complaint, or by such joinder for trial together of indictments, informations or complaints, the court shall order an election or separate trial of counts, grant a severance of defendants, or provide such other relief as justice requires."

{¶ 47} In *State v. Schaim,* 65 Ohio St.3d 51, 59, 1992-Ohio-31, 600 N.E.2d 661, the Supreme Court of Ohio explained the following:

When a defendant claims that he was prejudiced by the joinder of multiple offenses, a court must determine (1) whether evidence of the other crimes would be admissible even if the counts were severed, and (2) if not, whether the evidence of each crime is simple and distinct. *State v. Hamblin* (1988), 37 Ohio St.3d 153, 158-159, 524 N.E.2d 476, 481-482; *Drew v. United States* (C.A.D.C.1964), 331 F.2d 85. If the evidence of other crimes would be admissible at separate trials, any "prejudice that might result from the jury's hearing the evidence of the other crime in a joint trial would be no different from that possible in separate trials," and a court need not inquire further. *Drew v. United States,* 331 F.2d at 90.

{¶ 48} Evid.R. 404(B) governs other crimes, wrongs or acts and states the following in pertinent part:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

{¶ 49} The rule is in line with R.C. 2945.59 which states:

In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant.

{¶ 50} After reviewing the evidence presented, we find if separate trials were held, each offense would be admissible in the other case to show appellant's motive and intent (sexual gratification), opportunity and plan (a teacher targeting very young female students in his chess class while at school), and absence of mistake or accident (touching was not innocent or by accident).

{¶ 51} Further, we find the evidence of each offense was simple and direct. "Evidence is 'simple and direct' if the jury is capable of readily separating the proof required for each offense, if the evidence is unlikely to confuse jurors, if the evidence is straightforward, and if there is little danger that the jury would 'improperly consider testimony on one offense as corroborative of the other.' " *State v. Freeland,* 4th Dist. Ross No. 12CA003352, 2015-Ohio-3410, ¶ 14, citing *State v. Skatzes,* 104 Ohio St.3d 195, 2004-Ohio-6391, 819 N.E.2d 215, ¶ 34.

{¶ 52} The jury found appellant guilty of Count 1 (E.C.) and Count 3 (K.P.) and not guilty of Count 2 (E.C.). Based upon this verdict, it is clear the jury did not confuse the evidence relating to the three separate charges.

{¶ 53} "Courts have held that any prejudice that results from the joinder of offenses is minimized when a trial court cautions a jury before deliberations to consider each count, and the evidence applicable to each count separately, and to state its findings as to each count uninfluenced by its verdict on any other counts." *Freeman* at ¶ 16. At the conclusion of the evidence, the trial court specifically instructed the jury as follows (T. at 1597):

A charge as set forth in each count in the Indictment constitutes a separate and distinct matter. You must consider each count and the evidence applicable to each count separately, and you must state your finding as to each count uninfluenced by your verdict as to any other count. The Defendant may be found guilty or not guilty of any one or all of the offenses charged.

{¶ 54} Upon review, we find no error in the offenses being joined for trial.

{¶ 55} Assignment of Error V is denied.

{¶ 56} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.

By Wise, Earle, J.

Delaney, P.J. concurs and

Hoffman, J. concurs separately.

EEW/sg 508

*Hoffman, P.J., concurring*

**{¶57}** I concur in the majority's analysis and disposition of Appellant's first and second assignments of error.

**{¶58}** I further concur in the majority's disposition of the third and fourth assignment of errors, but do so for a different reason.

**{¶59}** It is a well-established principle Confrontation Clause rights, like other constitutional rights, can be waived. *State v. Pasqualone*, 121 Ohio St. 3d 186, 189–90, 903 N.E.2d 270, 274, 2009-Ohio-315, ¶ 14.  See *Brookhart v. Janis* (1966), 384 U.S. 1, 4, 86 S.Ct. 1245, 16 L.Ed.2d 314; *Hawkins v. Hannigan* (C.A.10, 1999), 185 F.3d 1146, 1154 ("There is no doubt that a defendant may waive" the right to confrontation). See also *Hinojos–Mendoza v. People* (Colo.2007), 169 P.3d 662, 668 (United States Supreme Court's decision in *Crawford v. Washington* "did not alter the fact that the right to confrontation can be waived"); *Magruder v. Commonwealth* (2008), 275 Va. 283, 295, 657 S.E.2d 113 (*Crawford* did not speak to the issue of waiver of right to confrontation).

**{¶60}** I find Appellant waived his right to confrontation in agreeing to allow the videotape of E.C.'s interview, knowing she was unavailable to testify. Appellant did so pursuant to an agreement by which he was able to introduce his own videotaped interview without taking the stand.

**{¶61}** I agree Appellant invited any error with regard to the videotaped interview constituting impermissible hearsay.  A criminal defendant may not make an affirmative, apparently strategic, decision at trial and then complain on appeal the result of that decision constitutes reversible error. *State v. Doss,* Eighth Dist. No. 84433, 2005-Ohio-775.  This is precisely the situation the invited error doctrine seeks to avert and, in this case, the doctrine precludes asserting as error the introduction of the videotaped

interview as hearsay.  I further find any error to be harmless as the statements were made for the purpose of medical treatment or diagnosis, and provided to the treating physician; therefore, admissible under Evidence Rule 803(4).

{¶62} I further concur in the majority's holding with regard to the fifth assignment of error. However, I do so based upon a different rationale.

{¶63} Appellant failed to renew his motion to sever at the second trial. Therefore, Appellant has waived all but plain error.

{¶64} In the case at bar, identity is not at issue. There is no dispute Appellant is the perpetrator accused of the acts. As the identity of the person who committed the crime was not an issue at trial, the other acts evidence would not have been properly admitted to prove appellant's scheme, plan, or system in committing the crimes charged. *Mt. Vernon v. Hayes,* Knox App. No. 09–CA–0007, 2009-Ohio-6819, 2009 WL 4985247, at ¶ 26. For a comparable analysis, see also this court's opinions in *State v. Ross*, Stark App. No. 2009CA00253, 2010-Ohio-5096, 2010 WL 4111163, and *State v. Gresh*, Delaware App. No. 09–CAA–012–0102, 2010-Ohio-5814, 2010 WL 4884218.

{¶65} Appellant does not claim mistake or accident on his part; therefore, the other acts evidence would not be admissible to prove absence of mistake. Rather, Appellant denied committing the acts altogether.

{¶66} The majority finds the evidence admissible to prove motive or intent (sexual gratification), and opportunity or plan (a teacher targeting very young female students in his chess class while at school.) Appellant admits to interaction with the children, and to acting as their chess teacher; therefore, opportunity or plan is not at issue. Since it is assumed human conduct is prompted by a desire to achieve a specific

result, the question of motive is generally relevant in all criminal trials, even though the prosecution need not prove motive in order to secure a conviction. *State v. Smith*, 84 Ohio App. 3d 647, 665, 617 N.E.2d 1160, 1172–73 (1992); See *Fabian v. State* (1918), 97 Ohio St. 184, 119 N.E. 410. The motive for the alleged crimes involved in the present case is apparent. A person commits or attempts to commit gross sexual imposition for the obvious motive of sexual gratification. Since motive was not at issue at the trial, other acts testimony was not admissible to prove this matter." *Id.,* 43 Ohio St.2d at 70–71, 72 O.O.2d at 39–40, 330 N.E.2d at 724. See, also, *State v. Whitmer* (May 20, 1986), Marion App. No. 9–84–39, unreported, 1986 WL 5908. Appellant's motive is apparent from the charges and is not a material issue. *State v. Smith* (1992), 84 Ohio App.3d 647, 665, 617 Therefore, I would find the evidence as to each victim inadmissible other acts evidence.

{¶67} In *State v. Slaven,* 191 Ohio App. 3d 340, 346–47, 945 N.E.2d 1142, 1147, 2010-Ohio-6400, this Court held,

> We find that the probative value of the evidence at issue is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury. The similarities between the sexual abuses committed against each victim and the inflammatory nature of the offenses *347 elevate the risk of prejudice to the degree that the trial court should have severed the offenses. See *State v. Kaufman,* 187 Ohio App.3d 50, 2010-Ohio-1536, 931 N.E.2d 143.

In *State v. Frazier*, Cuyahoga App. No. 83024, 2004-Ohio-1536, 2004 WL 443650, the Eighth District Court of Appeals addressed this issue and held that the evidence of the other sexually related actions would not have been admissible in both trials if the offenses had been tried separately. The court noted, "[T]his combined with the fact that the offenses against each victim varied in degree and that the testimony by each victim was similar, the fact-finder would have had a very difficult time looking at the evidence supporting each offense as simple and distinct because the temptation would be too great to respond to the evidence emotionally rather than rationally." Id.

We hold that the evidence as to each victim would not be admissible in both trials if the offenses were tried separately, and the varying degree of testimony as to each victim obscures a finding as to the evidence's being simple and direct.

**{¶68}** Appellant has waived all but plain error. "Notice of plain error * * * is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long* (1978), 53 Ohio St.2d 91, 372 N.E.2d 804. I concur in the majority's finding the trial court's denial of the motion to sever does not amount to plain error. While I find the evidence as to each victim would not be admissible if the trials were held separately, and the jury's temptation would be great to respond emotionally, rather than, rationally, I do not find the trial court committed plain error as the evidence as to each victim is simple and direct.